**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**BAPTIST HEALTH SOUTH FLORIDA, INC.,**

                           **Plaintiff,**                **Civil Action No.**

    **v.**

**SIDIQ N. ALDABBAGH, M.D., and**
**SIDIQ N. ALDABBAGH MD PA,**

                          **Defendants.**

_____/

## COMPLAINT

Plaintiff, Baptist Health South Florida, Inc. ("Baptist Health"), by and through its undersigned counsel, for its complaint against Defendants, Sidiq N. Aldabbagh, M.D. ("Dr. Aldabbagh") and Sidiq N. Aldabbagh MD PA (the "Association"), alleges as follows:

## NATURE OF THE ACTION

1.     Baptist Health brings this action against Defendants, Dr. Aldabbagh and the Association, for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), as well as trademark infringement under Florida common law.

## PARTIES AND JURISDICTION

2.     Plaintiff, Baptist Health, is a Florida not for profit corporation with a principal place of business located at 6855 Red Road, Suite 600, Coral Gables, Florida 33143. Baptist Health owns and operates numerous hospitals and medical facilities in and around South Florida.

3.     Defendant, Sidiq N. Aldabbagh ("Dr. Aldabbagh"), is an individual over the age of eighteen (18) years, is a citizen of the State of Florida, is a resident of Miami-Dade County and is

otherwise *sui juris*. Dr. Aldabbagh formerly held certain delineated clinical privileges to provide professional medical services at Baptist Health's South Miami Hospital and Baptist Hospital.

4.     Defendant, Sidiq N. Aldabbagh MD PA (the "Association"), is a Florida Profit Corporation with a principal place of business located at 8600 SW 92nd Street, Suite 103, Miami, Florida 33156.

5.     This Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 28 U.S.C. §§1331, 1338 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

7.     This Court has personal jurisdiction over Defendants because they are both located and committed tortious acts in Miami-Dade County, Florida.

### NATURE OF THE ACTION

8.     Baptist Health has served patients in South Florida since 1960. Today, it is known nationwide as South Florida's largest healthcare organization, owning and operating 12 hospitals and more than 200 outpatient facilities and physician practices across South Florida. In 2024, Baptist Health recorded more than 3.5 million patient encounters across its facilities.

9.     Baptist Health's services are nationally recognized. Based on the U.S. News & World Report Best Hospital Rankings, Baptist Health has been the most award-winning healthcare system in South Florida for 15 consecutive years and maintains nationally renowned institutes in cancer care, brain and spine care, heart and vascular care, as well as academic and clinical affiliations with the Florida International University Herbert Wertheim College of Medicine and the Florida Atlantic University Charles E. Schmidt College of Medicine.

10.     Baptist Health has used the "SOUTH MIAMI HOSPITAL" mark as early as 1995 in connection with hospital, clinical, surgical, non-surgical medical and health care services. South Miami Hospital remains one of the twelve hospitals Baptist Health owns and operates today.

11.     Baptist Health has used the marks "BAPTIST HEALTH SOUTH FLORIDA" and "BAPTIST HEALTH SOUTH MIAMI HOSPITAL" since 2002, and it later adopted the "BAPTIST HEALTH" mark standing alone. "BAPTIST HEALTH" now serves as Baptist Health's house mark and as the surname of a family of marks used across its health care facilities, hospitals and its telehealth platform. That common element identifies Baptist Health as the institution that renders, credentials and stands behind the services offered under it.

12.     Additionally, since as early as 1995, Baptist Health has used its distinctive pineapple design mark, which is displayed on, among other things, its buildings, vehicles and promotional materials.



13.     The pineapple design is very closely associated in the public's mind with Baptist Health and its many affiliated entities, so much so that Baptist Health brands its telehealth platform, through which patients consult Baptist Health providers by phone or computer, the Baptist Health PineApp.

14.     In addition to owning common law rights in those marks, Baptist Health is the owner of numerous trademark and service mark registrations registered with the United States Patent and Trademark Office ("USPTO"), including the marks set forth in the chart below

(collectively, the "Baptist Health Marks"). True and correct copies of the federal registration certificates for the Baptist Health Marks are attached as Composite Exhibit "A."

**USPTO Trademark Registrations for Baptist Health Marks**

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| South Miami Hospital | 2,069,087 | 06/10/1997 | (Int'l Class: 42) Providing hospital, clinical, surgical and non-surgical medical and health care services on in-patient and out-patient bases |
| South Miami Hospital BAPTIST HEALTH | 2,822,470 | 03/16/2004 | (Int'l Class: 44) Providing hospital, clinical, surgical and non-surgical medical and health care services on in-patient and out-patient bases |
| Baptist Health South Florida | 2,822,471 | 03/16/2004 | (Int'l Class: 44) Providing hospital, clinical, surgical and non-surgical medical and health care services on in-patient and out-patient bases |
| | 3,724,861 | 12/15/2009 | (Int'l Class: 44) Operation of urgent medical care centers; the provision of urgent medical services without an appointment, namely, emergency medical response services for cold and flu, fever, earache, sore throat, vomiting, nausea, diarrhea, simple bone fractures, strains, sprains, cuts and simple wounds, non-severe asthma attacks, burning or painful urination, rashes and minor allergic reactions; medical imaging, radiology and testing services; the provision of medical information, namely, consumer-authorized clinical laboratory testing services that report results directly to the patient; and providing health care information by telephone |
| | 3,721,373 | 12/08/2009 | (Int'l Class: 44) Operation of urgent medical care centers; provision of urgent medical services without an appointment, namely, emergency medical response services for cold and flu, fever, earache, sore throat, vomiting, nausea, diarrhea, simple bone fractures, |

4

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | strains, sprains, cuts and simple wounds, non-severe asthma attacks, burning or painful urination, rashes and minor allergic reactions; medical imaging, radiology and testing services; the provision of medical information, namely, consumer-authorized clinical laboratory testing services that report results directly to the patient; and providing health care information by telephone |
| Baptist Health | 3,721,376 | 12/08/2009 | (Int'l Class: 44) Operation of urgent medical care centers; provision of urgent medical services without an appointment, namely, emergency medical response services for cold and flu, fever, earache, sore throat, vomiting, nausea, diarrhea, simple bone fractures, strains, sprains, cuts and simple wounds, non-severe asthma attacks, burning or painful urination, rashes and minor allergic reactions; medical imaging, radiology and testing services; provision of medical information, namely, consumer-authorized clinical laboratory testing services that report results directly to the patient; and providing health care information by telephone |
| | 7,491,389 | 09/03/2024 | (Int'l Class: 9) Downloadable mobile application for providing health, wellness, healthcare and medical information; downloadable mobile application which allows users to schedule medical appointments, search for medical providers, pay medical bills, access and view medical records, store and access health insurance information, manage medications and prescriptions, monitor health conditions, and access online urgent care services |
| Baptist Health | 7,807,364 | 05/27/2025 | (Int'l Class: 44) Providing hospital, clinical, surgical and nonsurgical medical and health care services on an in-patient and out-patient basis |

5

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| Baptist Health | 7,799,575 | 05/20/2025 | (Int'l Class: 44) Providing hospital, clinical, surgical and nonsurgical medical and health care services on an in-patient and out-patient basis |

15.     As a result of decades of continuous use, the Baptist Health Marks have been extensively and continuously displayed on Baptist Health's hospitals, urgent care centers, and outpatient facilities, buildings, signage, vehicles, employee uniforms, websites, mobile applications, physician directories and patient materials in print, broadcast and online advertising throughout South Florida and nationwide. Current examples of Baptist Health's use of the Baptist Health Marks in commerce are shown below:

 

16.     Registration Nos. 2,069,087, 2,822,470, 2,822,471, 3,721,373, 3,721,376 and 3,724,861 have each been registered and in continuous use for more than five consecutive years following registration, and Baptist Health has filed the affidavits required by 15 U.S.C. §§ 1058 and 1065. Those registrations are incontestable and constitute conclusive evidence of the validity of the marks they cover, of Baptist Health's ownership of those marks and of Baptist Health's exclusive right to use them in commerce in connection with the services identified. 15 U.S.C. §§ 1065, 1115(b).

17. The remaining registrations, Registration Nos. 7,491,389, 7,799,575 and 7,807,364, are valid, subsisting, unrevoked, and uncancelled, and constitute prima facie evidence of the validity of the marks they cover, of Baptist Health's ownership of those marks and of Baptist Health's exclusive right to use them in commerce in connection with the services identified. *See* 15 U.S.C. §§ 1057(b), 1115(a).

18. Not only has Baptist Health been using the Baptist Health Marks for decades, it also has expended millions of dollars in extensive advertising and promotion of its brand and logo representing its health care services. As a result, the Baptist Health Marks have become well known among the public and are recognized and relied upon as identifying Baptist Health's services, distinguishing them from the services of others and have come to represent and symbolize extremely valuable goodwill belonging exclusively to Baptist Health.

19. The public generally, as well as patients, physicians, hospitals, insurers and health care providers at all levels, have come to rely on the Baptist Health Marks to distinguish Baptist Health's services from those of others. In particular, current patients and prospective patients use the Baptist Health Marks to identify the institution that has vetted a physician's credentials and that will stand behind the care delivered under its name.

20. The Baptist Health Marks represent valuable assets owned by Baptist Health, and Baptist Health strictly controls their use. A physician who does not hold clinical privileges with a Baptist Health facility and who does not have authorization from Baptist Health has no right to display the Baptist Health Marks in connection with his or her own practice.

21. Baptist Health's rights in the Baptist Health Marks existed long before, and are superior to, any right claimed by Dr. Aldabbagh and the Association.

**Defendants' Intentional Infringement of the Baptist Health Marks**

22.     Defendants, Dr. Aldabbagh and the Association, own and operate a full-service obstetrics and gynecology practice under the fictious name, Trusted Women's Health Center, with offices at 8600 SW 92nd Street, Suite 103, Miami, Florida 33156 and at 3659 South Miami Avenue, Suite 5001, Miami, Florida 33133. The fictious name, Trusted Women's Health Center, was registered in 2017 with the Florida Department of State, Division of Corporation and expired in 2022. A copy of the Florida Division of Corporations Fictitious Name Detail is attached hereto as Exhibit B.

23.     Defendants advertise, promote and solicit patients for Trusted Women's Health on its website located at trustedwomenshealth.com (the "Website") through third party online appointment booking platforms as well as other channels. The Website is publicly accessible from anywhere in the United States and allows prospective and current patients to request appointments.

24.     Defendants provide services in close proximity to Baptist Health's hospitals. Defendants' office at 8600 SW 92nd Street is located approximately half a mile from Baptist Health's Baptist Hospital at 8900 North Kendall Drive, Miami, Florida, and approximately 4 miles from Baptist Health's South Miami Hospital at 6200 SW 73rd Street, Miami, Florida. This close proximity increases the likelihood of confusion for a patient who sees the Baptist Health Marks on the Website to assume that Dr. Aldabbagh, whose office is located near Baptist Health's hospitals, is affiliated with and holds privileges at these hospitals.

25.     Dr. Aldabbagh does not have any privileges at any Baptist Health hospital or medical facility. Neither Defendant is employed by, affiliated with, sponsored by, endorsed by or licensed by Baptist Health, and neither has ever sought or obtained Baptist Health's consent to use the Baptist Health Marks.

26.     Defendants, without authorization, license, consent or permission, are using Baptist Health's Marks on the Website in connection with the advertising and offering of their medical services. The Baptist Health Marks are shown in a band of logos that appears near the bottom of the home page of the Website. The band is presented as a continuously scrolling carousel, so that the logos repeat as a visitor views the page. A true and correct copy of the Website as of July 22, 2026, showing the unauthorized use of the Baptist Health's Marks on page 3 of 4 is attached hereto as Exhibit C.

27.     Defendant's placement of the Baptist Health Marks in a dedicated band of institutional logos, separate from Defendants' insurance carrier logos and unaccompanied by any caption, qualification or disclaimer, communicates to a reasonable prospective or current patient that Defendants are affiliated with, sponsored by, endorsed by or credentialed at the Baptist Health facilities.

28.     Defendants' use of the Baptist Health Marks is commercial, is in commerce and is for Defendants' own financial benefit, in that it is made to attract patients to a practice from which Defendants derive revenue.

29.     Defendants' use of the Baptist Health Marks creates the improper commercial impression that Defendants are affiliated with Baptist Health and/or Baptist Health endorses or licenses Defendants' services.

30.     On August 25, 2025, Baptist Health, through its undersigned attorneys, sent Dr. Aldabbagh a letter regarding his unauthorized use of the Baptist Health Marks. Specifically, Baptist Health advised that it is the exclusive owner of the common law and statutory rights in the Baptist Health Marks in the field of health care services and that Dr. Aldabbagh's use of the Baptist Health Marks in connection with his medical practice without authorization is likely to cause the

public to believe that there is some business relationship between Baptist Health and Dr. Aldabbagh's practice, or that he continues to have privileges at the listed Baptist Health facilities, which is inaccurate. In the letter, Baptist Health requested that Dr. Aldabbagh immediately cease any further use of the Baptist Health Marks.

31. On August 25, 2025, in response to the cease-and-desist letter, Dr. Aldabbagh advised, via email, that he would "make adjustments" to his website and thanked the lawyers for bringing the matter to his attention.

32. Defendants did not remove the Baptist Health Marks.

33. On April 28, 2026, the undersigned sent an email to Dr. Aldabbagh again asking him to cease and desist from any further use of the Baptist Health Marks. That same day, Dr. Aldabbagh responded via email, refusing to comply with the request and stating that "every patient has the right to go to [Baptist Hospital]."

34. Later that same day, the undersigned sent another email to Dr. Aldabbagh explaining that he was using Baptist Health's federally registered trademarks on his practice's website without authorization, and it had nothing to do with patient access to Baptist Health's facilities. Dr. Aldabbagh responded, stating: "I HAVE NOT VIOLATED ANY LAW. BAPTIST IS A PUBLIC HOSPITAL THAT IS OPEN TO EVERYONE AND ANY PATIENT INCLUDING MINE REGARDLESS OF ME NOT HAVING PRIVILEGES THERE CAN GO AND GET TREATED THERE FOR ANY EMERGENCY…."

35. Dr. Aldabbagh's response misses the point. It is true that Baptist Hospital is open to all patients. That, however, does not authorize a physician to utilize Baptist Health's intellectual property without authorization.

36.     Notably, Dr. Aldabbagh has never disputed that he lacks privileges at any Baptist Health facility.

37.     Defendants continue to display the Baptist Health Marks on its Website to this day, more than eleven months after receiving actual written notice of Baptist Health's rights, after expressly acknowledging Baptist Health's demand and after being told a second time to stop. Defendants' conduct is knowing, intentional, willful, in bad faith and undertaken with full knowledge of and in blatant disregard for, Baptist Health's rights, and with the intent to trade on the goodwill and reputation symbolized by the Baptist Health Marks.

38.     Defendants unauthorized and unlicensed use of the Baptist Health Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Dr. Aldabbagh with Baptist Health.

39.     Patients of Dr. Aldabbagh have repeatedly presented at Baptist Health facilities for labor and delivery expecting Dr. Aldabbagh to attend to them there, having been led by the Website to believe that he is affiliated with Baptist Health and holds privileges at its facilities, which he does not. Because Dr. Aldabbagh does not have privileges to practice at any Baptist Health facility, his patients arrive at Baptist Health's hospitals in labor only to learn, at that critical moment, that the physician they believed would deliver their babies there cannot do so. That confusion causes distress and disruption to patients' care and causes patients to associate the resulting difficulty with Baptist Health, damaging Baptist Health's reputation and goodwill.

40.     All conditions precedent to the bringing of this action have occurred, have been performed, or have been waived.

## COUNT I – TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

41.     Baptist Health incorporates by reference as though fully set forth herein the allegations set forth in in paragraphs 1 through 40 above.

42.     Dr. Aldabbagh and the Association are using the Baptist Health Marks on the Website without authorization, consent, license or permission from Baptist Health.

43.     As fully described above, Baptist Health uses its Marks for its hospital, clinical, surgical, non-surgical medical and health care services.

44.     Baptist Health has valid, protectable registered trademark rights, with priority, in the Baptist Health Marks.

45.     Defendants willfully and intentionally included the Baptist Health Marks on their Website to confuse and deceive the public into believing that Defendants and their services are associated or affiliated with Baptist Health.

46.     The unauthorized use of the Baptist Health Marks has created and will continue to create a likelihood of consumer confusion with Baptist Health's Marks by leading consumers to believe that (i) Baptist Health endorses Dr. Aldabbagh, the Association and/or the Trusted Women's Health Center, and/or (ii) Baptist Health and Dr. Aldabbagh, the Association and/or the Trusted Women's Health Center are affiliated.

47.     With full knowledge and awareness of Baptist Health's ownership and prior use of the Baptist Health Marks and its federal registrations, Defendants have used, and unless restrained will continue to use, the Baptist Health Marks to promote its health care services in a manner likely to cause confusion or mistakes or to deceive, in violation of 15 U.S.C. § 1114(1).

48.     Baptist Health has suffered damages in an amount to be determined at trial.

12

49.     These unlawful activities of Dr. Aldabbagh and the Association have resulted in and will continue to result in irreparable harm and injury to Baptist Health.

### COUNT II – FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

50.     Baptist Health incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 40 above.

51.     As fully set forth above, for over 30 years, Baptist Health has continuously marketed and used the Baptist Health Marks to promote its medical services and hospital systems throughout Florida and nationwide. Baptist Health has spent millions of dollars to build, maintain, advertise, promote and sell their services using the Baptist Health Marks.

52.     Defendants have made false and misleading representations by using the Baptist Health Marks on their Website, which misrepresents Defendants' association and/or affiliation with Baptist Health. Defendants' misrepresentations were in connection with professional health care services posted online, in interstate commerce.

53.     As a result of Defendants' unlawful use in commerce of the Baptist Health Marks, current and prospective patients are likely to be misled, deceived and confused as to the affiliation, connection, or association of Defendants with Baptist Health, and as to the origin, sponsorship, or approval of Defendants' services by Baptist Health, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Baptist Health has suffered actual damages proximately caused by Defendants' conduct, as well as the continuing loss of the goodwill and reputation established by Baptist Health in its Baptist Health Marks, in an amount to be determined at trial.

55.     Unless permanently enjoined, Baptist Health will continue to suffer irreparable harm and damage to its business, reputation, and goodwill, and it has no adequate remedy at law for the reasons set forth above.

56.     Defendants' actions are in knowing and willful violation of Baptist Health's rights under Section 43(a) of the Lanham Action, 15 U.S.C. 1125(a), making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT III – FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

57.     Baptist Health incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 40 above.

58.     Defendants' actions constitute unlawful trademark infringement in violation of Florida common law.

59.     Baptist Health has valid, protectable registered trademark rights, with priority, in the Baptist Health Marks under Florida common law.

60.     Defendants are using the Marks on the Website without authorization, license, consent or permission.

61.     The unauthorized use of the Baptist Health Marks has created and will continue to create a likelihood of consumer confusion with Baptist Health's Marks by leading consumers to believe that (i) Baptist Health endorses Dr. Aldabbagh, the Association and/or the Trusted Women's Health Center, and/or (ii) Baptist Health and Dr. Aldabbagh, the Association and/or the Trusted Women's Health Center are affiliated

62.     As a result, Baptist Health has suffered damages in an amount to be determined at trial.

63.     This unlawful conduct constitutes trademark infringement under Florida common law and has resulted in and will continue to result in irreparable harm and injury to Baptist Health.

**PRAYER FOR RELIEF**

WHEREFORE, Baptist Health requests entry of judgment against Defendants, Dr. Aldabbagh and the Association, as follows:

A. Finding that Defendants actions constitute unlawful trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114);

B. Finding that Defendants have made false designations of origin which are likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation with Baptist, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C. Finding that Defendants actions constitute unlawful trademark infringement in violation of Florida law; and

D. Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, pursuant to 15 U.S.C. § 1116(a), from:

1. using the Baptist Health Marks, or any mark confusingly similar to the Baptist Health Marks, in connection with the advertising, promotion, offering or rendering of medical or health care services; and

2. representing, expressly or by implication, that Defendants or the Trusted Women's Health Center are affiliated with, connected to, associated with, sponsored by, endorsed by, licensed by or credentialed at Baptist Health or any Baptist Health facility;

15

E.  Ordering Defendants to remove all uses of the Baptist Health Marks from the Website and from every other medium within their possession, custody or control, including print materials, signage, social media accounts, online physician directories and third-party listing and appointment booking platforms;

F.  Ordering Defendants to file with the Court and serve on Baptist Health, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, as provided by 15 U.S.C. § 1116(a);

G.  Awarding Baptist Health its actual damages, together with an amount above actual damages of up to three times that sum, pursuant to 15 U.S.C. § 1117(a);

H.  Awarding Baptist Health its reasonable attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1117(a);

I.  Awarding prejudgment and post-judgment interest at the maximum rate allowed by law; and

J.  Granting such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Baptist Health hereby demands a jury trial on all issues so triable that are raised by this Complaint.

Respectfully submitted this 23rd day of July 2026,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/  Eric D. Isicoff
        Eric D. Isicoff
        Florida Bar No. 372201
        Isicoff@irlaw.com
        Isabel R. Jolicoeur
        Florida Bar No. 1015503
        Jolicoeur@irlaw.com